IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VALERIE L. KREGER,
aka VALERIE L. FLORES,
aka VALERIE KREGER-MUELLER,

Plaintiff,

v.

STONEHOUSE DEVELOPMENT,
KASIE SETTERLUND, KRISTIE JOHNSON,
RICHARD B. ARNESEN, HELEN BRADBURY, and
JACKIE MURPHY,

Defendants.

OPINION and ORDER

21-cv-466-jdp
21-cv-529-jdp

---

On November 19, 2021, I screened pro se plaintiff Valerie Kreger's complaints in two highly similar lawsuits, *Kreger v. Stonehouse Development*, case no. 21-cv-466-jdp (the first case) and *Kreger v. Stonehouse Development, et. al.*, case no. 21-cv-529-jdp (the second case). I screened both complaints in a single screening order. In the first case, I dismissed plaintiff's complaint and allowed her an opportunity to file an amended complaint. Dkt. 12. Plaintiff has filed a timely amended complaint. Dkt. 14. I dismissed plaintiff's second case because her complaint repeated the same allegations against the same defendants as in the first case. Dkt. 10. I also released plaintiff of her obligation to pay the filing fee in the second case. Plaintiff has filed a notice of appeal that covers both cases. I construe the notice as including a motion for leave to proceed in forma pauperis on appeal.

In the first case, plaintiff's appeal is interlocutory because it seeks review of a non-final order (she has submitted an amended complaint and her case is still proceeding). A party may only appeal a non-final decision in rare situations, and this is not one of them. 28 U.S.C.

§ 1292A. That is not a problem in plaintiff's second case, however, because a dismissal is a final decision.

But because only the court of appeals may determine whether it has jurisdiction to entertain an appeal, I will consider plaintiff's motion to proceed in forma pauperis. Under 28 U.S.C. § 1915(a)(3), a party is ineligible for in forma pauperis status on appeal if the appeal is "not taken in good faith." *See also* Fed. R. App. P. 24(a)(3). An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). No reasonable person could suppose that I was incorrect in dismissing plaintiff's first complaint for failure to state a claim to relief and allowing her to amend her complaint. And no reasonable person could suppose that I was incorrect in dismissing plaintiff's second case, which involved nearly identical allegations, and allowing her to pursue those allegations in her first lawsuit.

This means that plaintiff cannot proceed with this appeal without prepaying the $505 filing fee, unless the court of appeals gives her permission to do so. Under Federal Rule of Appellate Procedure 24, plaintiff has 30 days from the date of this order to ask the court of appeals to review this order. Plaintiff must include with her motion a copy of her affidavit of indigency and a copy of this order.

Entered December 21, 2021.

BY THE COURT:

/s/
_____

JAMES D. PETERSON
District Judge

2