IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VALERIE L. KREGER,

                Plaintiff,

v.
                                         OPINION and ORDER

STONEHOUSE DEVELOPMENT,
KRISTIE JOHNSON, KASIE SETTERLUND,       21-cv-529-jdp
JACKIE MURPHY, RICHARD B. ARNESEN,     21-cv-466-jdp
IAN HALL, HELEN BRADBURY, U.S. HOUSING  21-cv-546-jdp
AND URBAN DEVELOPMENT FAIR HOUSING    21-cv-547-jdp
EQUAL OPPORTUNITY, CITY OF MADISON,    22-cv-122-jdp
OFFICER SAMUEL KIRBY, MADISON FIRE
DEPARTMENT, MADISON POLICE DEPARTMENT,
WI DOJ CVC PROGRAM, and KATHY ZAPAN.[1]

                Defendants.

---

Pro se plaintiff Valerie L. Kreger has filed five lawsuits alleging that various defendants discriminated against her, harassed her, and interfered with her housing rights. Because Kreger's lawsuits raise similar allegations about discrimination, harassment, and her housing conditions, it makes sense to consider them together.

We are still at the screening stage, but the '529 case poses some complications. In an initial screening order, I dismissed Kreger's initial complaint in the '529 case but allowed her to file an amended complaint. Dkt. 10. I also dismissed the '466 case because it just repeated the allegations in the '529 case. *Id*. In response, Kreger filed a proposed amended complaint, but she also appealed my screening order to the U.S. Court of Appeals for the Seventh Circuit. I no longer have jurisdiction over those aspects of the '529 case that are involved in the appeal,

---

[1] The caption includes all defendants in the five cases addressed in this order.

so I can take only limited action on that case. Kreger's other three lawsuits, the '456, '457, and '122 cases, are ready for initial screening.

In screening Kreger's allegations, I will dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2). I must accept her allegations as true, *see Bonte v. U.S Bank*, N.A., 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaints generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Kreger's allegations in the '546, '547, and '122 cases do not state any claims upon which relief can be granted, so the cases will be dismissed. The '466 case will remain closed. I conclude that I do not have jurisdiction to screen Kreger's amended complaint in the '529 case, but I will address the pending motions that are not involved in the merits of the appeal.

## ALLEGATIONS OF FACT

Kreger lives in an apartment complex managed by defendant Stonehouse Development. Initially, her housing was subsidized through the Section 8 voucher program administered by the U.S. Department of Housing and Urban Development (HUD). But at some point, Kreger's benefits ended, and she rented her Stonehouse apartment without government support.

Kreger says that Stonehouse discriminated against her on the bases of her disability, age, familial status, marital status, religion, ancestry, appearance, and socioeconomic status in several ways. Stonehouse has failed to repair numerous malfunctioning appliances in her apartment and has not addressed a mold problem in her bathroom and kitchen. Staff have refused to take her complaints seriously. Stonehouse has also allowed staff and other tenants

to harass her. Kreger has regularly noticed suspicious people outside the complex or looking into her apartment, her car was vandalized, tenants have treated her poorly, and she has found many suspicious items outside her apartment. Stonehouse has also failed to accommodate Kreger's physical disability by providing her with an accessible parking space, has denied her requests to transfer apartments, and refused to help her move her belongings when she was eventually given a different unit, even though Stonehouse has helped other tenants move.

Kreger says that two governmental agencies are also discriminating against her. First, she filed three claims with the Wisconsin Department of Justice Crime Victim Compensation Program. She has been a victim of what she calls "repeated crimes" including discrimination, mental abuse from government officials, and Stonehouse's negligence. But the program did not award her the full amount for her claims. Second, Kreger filed a complaint against Stonehouse with HUD's Office of Fair Housing and Equal Opportunity. But the agency dismissed her complaints, passed them around to different staff members, and will not respond to her questions or calls. HUD also subjected Kreger to a five-year waitlist for a Stonehouse apartment.

Madison city officials have discriminated against Kreger, intimidated her, and harassed her, and retaliated against her for filing complaints against Stonehouse about maintenance issues in her apartment. A police officer told her that the Madison police department had a master key to her apartment. When Kreger called the fire department to report her malfunctioning smoke detector, a firefighter snapped at her. Kreger believes that in addition to Stonehouse tenants, city employees also might have been responsible for leaving suspicious items outside her apartment and car. Police officer Samuel Kirby wrote her a ticket, and Kreger believes he did this to sabotage her current and future housing prospects. Kreger also asserts

that city employees worked together with her ex-boyfriend and his family to get her Section 8 housing voucher benefits revoked.

ANALYSIS

**A. Jurisdiction over the '529 case**

I previously dismissed Kreger's initial complaint and allowed her to amend. Dkt. 10. She responded with a proposed amended complaint, Dkt. 11, which I would now screen. But she also appealed my screening order. Dkt. 15. As a general rule, the filing of a notice of appeal deprives the district court of jurisdiction over aspects of the case involved in the appeal. *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006). I also retain jurisdiction to decide matters in aid of the appeal. *Brown v. Pierson*, 12 F. App'x 398, 402 (7th Cir. 2001).

I conclude that I do not have jurisdiction to screen her amended complaint, because the scope of her claims is the central issue on appeal. I'll screen her amended complaint when and if the case is remanded.

Kreger's appeal involves several unresolved procedural issues, which I will describe here to make it easier to understand what issues are undecided. The case is docketed in the court of appeals as *Flores v. Stonehouse Development et. al.*, No. 21-3241.

First, the court of appeals denied Kreger leave to proceed in forma pauperis on appeal, *Flores,* Dkt. 17, and she responded with several submissions to this court, Dkt. 24, and to the court of appeals, *Flores,* Dkt. 20, stating that she wishes to appeal that decision to the U.S. Supreme Court. The court of appeals told her that she may file a petition for a writ of certiorari in the Supreme Court in accordance with Supreme Court rules or pay the appellate fee by April

1, 2022. *Id.* A search of Supreme Court records did not reveal any appeal, and Kreger has not paid the appellate fee.

Second, Kreger filed motions to add a new defendant to her case, one motion in this court, Dkt. 22, and one in the court of appeals. Citing the motion pending in this court, the court of appeals stated that it would not take action on that motion. *Flores*, Dkt. 19. The proposed new defendant is the owner of Stonehouse Development. This is a substantive amendment to her pleading, which I conclude is a matter on appeal. So I will deny Kreger's motion, Dkt. 22, without prejudice. She can renew the motion and I will screen the proposed amendment to her complaint to determine whether it states a claim against the new defendant when jurisdiction is returned to this court.

Third, Kreger moved to add supporting documents to her case under Federal Rule of Appellate Procedure 10(e), which allows a petitioner to correct omissions or misstatements in the appellate court record. The court of appeals instructed her to file a motion to supplement the record in this court. Kreger has filed a motion to supplement the appellate record. Dkt. 26 (and what I take to be a copy of a similar motion for the court of appeals, Dkt. 27). This motion is in aid of the appeal, so I have jurisdiction to decide it. I will deny the motion. The supplemental materials were not submitted to the court with Kreger's original complaint and thus they played no role in screening her complaint. The only documents the court of appeals needs to decide the appeal of my screening order are the order itself and Kreger's initial complaint. The court of appeals already has both documents.

**B. Screening of the '546, '547, and '122 cases**

In the three complaints that are ready to be screened, Kreger alleges that Wisconsin's Crime Victim Compensation Program, HUD, the City of Madison, and Madison police and

fire officials violated her rights by discriminating against her and harassing her. For the reasons explained below, Kreger's cases will be dismissed for failure to state a claim upon which relief can be granted.

Generally, I would give a pro se plaintiff a chance to amend a deficient complaint. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal is appropriate. I have repeatedly warned Kreger against submitting vague, repetitive, speculative, and implausible allegations that do not explain why her rights have been violated. *See, e.g., Kreger v. Flores*, No. 21-cv-446-jdp, 2022 WL 1442910, at *3 (W.D. Wis. May 6, 2022). But she has continued to file lawsuits with these problems. In these three lawsuits, Kreger raises numerous discrimination claims without identifying anything that defendants said or did that would suggest actionable discriminatory conduct.

### 1. Allegations against the City of Madison and city officials

In the '546 case, Kreger alleges that the City of Madison, Madison Fire Department, Madison Police Department, and Madison police officer Samuel Kirby violated her rights by harassing her, intimidating her, and sabotaging her housing benefits. More specifically, she says that city officials retaliated against her for filing complaints against Stonehouse, a firefighter snapped at her, a police officer told her that the department had a master key to her apartment, and city employees might be responsible for the suspicious items found near her apartment and car.

To succeed on a constitutional claim against a city under 42 U.S.C. § 1983, a plaintiff must allege that her federal rights were violated because of a policy or custom or by acts of an official with final policymaking authority. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Kreger's claims fail for two reasons. First, she does not allege that Madison or its

6

agencies treated her in accordance with any official policy, custom, or decision by a policymaker. Second, her allegations do not establish a violation of her federal rights. Snapping at a person does not violate the constitution. *See Slagel v. Shell Oil Refinery*, 811 F. Supp. 378, 382 (C.D. Ill. 1993). And police harassment and intimidation, without more, do not support a claim under § 1983. *Shabani v. Kalka*, No. 20-cv-470-bbc, 2020 WL 4339052, at *1 (W.D. Wis. July 28, 2020) (collecting cases).

Kreger says that city officials are working in concert to deprive her of housing benefits. But she provides no reason why she believes that city officials are involving themselves in her housing matters, and it is highly implausible that they are. Kreger's claim against Kirby fails for similar reasons. She says only that that she "feels" that Kirby wrote her a ticket to sabotage her current and future housing. That is not enough to state a constitutional claim. Kreger's claim against the city and Kirby will be dismissed.

**2.  Allegations against Crime Victim Compensation Program**

In the '547 case, Kreger says that the Wisconsin Crime Victim Compensation Program and a program official, Kathy Zapan, discriminated against her on the basis of her disability by refusing to pay the maximum amount on claims that she filed. But similar to Kreger's other allegations of discrimination, she does not explain how the program was aware of her disability or why its decisions were based on her disability. In any event, her claims against the program are barred by Eleventh Amendment sovereign immunity, which prohibits individuals from suing a state, state agency, or state official in federal court. *Indiana Prot. & Advoc. Servs. v. Indiana Fam. & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010).

Kreger also names Zapan as a defendant. There is an exception to sovereign immunity for suits against state officials in their official capacities that seek prospective relief. *Id.*; *Ex Parte*

*Young*, 209 U.S. 123 (1908). But Kreger seeks greater compensation amounts on claims that have already been decided by the program. That is a backwards-looking request for state funds and is not prospective relief. *See McDonough Assocs., Inc. v. Grunloh*, 722 F.3d 1043 (7th Cir. 2013). A plaintiff may also bring personal-capacity claims against a state official for constitutional violations under § 1983. But to hold the official liable, the plaintiff must show that the official was personally involved in the alleged deprivation. *Kuhn v. Goodlow,* 678 F.3d 552, 555–56 (7th Cir. 2012). Kreger does not identify who Zapan is, much less allege that Zapan played a personal role in deciding her claim. Kreger's claims against the program and Zapan will be dismissed.

### 3. Allegations against HUD

In the '122 case, Kreger says that officials at HUD's Office of Fair Housing and Equal Opportunity discriminated against her by dismissing complaints that she filed against Stonehouse. Kreger says that she filed complaints about Stonehouse's failure make repairs to her apartment, long waiting lists, and refusal to transfer her to a different apartment. She says that her complaints were "passed around by multiple people" and handled by staff members whose names are not listed on HUD's website. Dkt. 1, at 3.

Kreger seeks damages from HUD and "a judicial administrative review of [HUD's] procedures and practices." *Id.* at 4. But HUD, a federal agency, has sovereign immunity from damages claims. *Omegbu v. Milwaukee Cmty. Serv. Corps., Inc.*, No. 16-c-1081, 2017 WL 11596899, at *1 (E.D. Wis. Nov. 1, 2017). And Kreger's allegations do not support a claim for injunctive relief. Generally, a federal court would not order a review of a federal agency's procedures and practices. More importantly, Kreger has not alleged a constitutional or federal rights violation. Her allegations do not demonstrate that HUD knew about or dismissed her

8

complaints because of her disability or any other protected characteristic. *Davis v. U.S. Dep't of Hous. & Urb. Dev.*, 94 F.3d 647 (7th Cir. 1996). Kreger's claims against HUD will be dismissed.

## C. Other motions

Kreger has filed numerous other motions in her cases. All the motions in the '546, '547, and '122 cases will be denied as moot. The '446 case will remain closed, and all the motions in that case will be denied as moot.

The following motions in the '529 case will be decided as follows:

**Kreger's motion for a jury trial. Dkt. 12.** I will construe this motion as a jury demand. It is still too early to determine whether there are triable issues in the case. If Kreger's claims proceed past the dispositive motions phase of the case, she will be entitled to a jury trial.

**Kreger's motion to enjoin Stonehouse employees from harassing, stalking, injuring, and intimidating her. Dkt. 13.** This motion is denied because it does not comply with this court's rules for motions seeking injunctive relief. To show entitlement to injunctive relief in this court, the moving party must file detailed findings of fact explaining the events supporting the need for an injunction. I will attach a copy of those procedures to this order.

**Kreger's motion to appeal my previous screening order to the Court of Appeals for the Seventh Circuit. Dkt. 14.** This motion is denied because it is unnecessary. Kreger filed a notice of appeal of that decision, which is effective to initiate the appeal.

**Kreger's motion for reconsideration of my previous screening order. Dkt. 23.** This motion will be denied because the court of appeals is reviewing the screening order. Kreger's proposed amended complaint supersedes her initial complaint, and I will screen her new complaint if and when jurisdiction is returned to this court.

**Kreger's motion to amend her complaint and add two new defendants. Dkt. 22.** I do not have jurisdiction to consider this amendment while Kreger's appeal is pending, so the motion is denied without prejudice.

**Kreger's two petitions for U.S. Supreme Court review. Dkt. 24 and Dkt. 25.** These petitions will be denied. A petition for Supreme Court review is not filed in this court.

**Kreger's requests to add supporting documents to the record. Dkt. 26 (and Dkt. 27).** The motion will be denied for reasons given above.

ORDER

IT IS ORDERED that:

1. In Case No. 21-cv-529-jdp, Dkts. 13–14, 22–27, are DENIED. Dkt. 12 is construed as a demand for a jury trial.

2. In Case No. 21-cv-466-jdp, Dkts. 14–17 and 24–27 are DENIED as moot.

3. Case No. 21-cv-546-jdp is DISMISSED for failure to state a claim upon which relief can be granted. Plaintiff's motion for an injunction, Dkt. 8, is DENIED.

4. Case No. 21-cv-547-jdp is DISMISSED for failure to state a claim upon which relief can be granted. Plaintiff's motion for an injunction, Dkt. 10, is DENIED.

5. Case No. 22-cv-122-jdp is DISMISSED for failure to state a claim upon which relief can be granted. Plaintiff's motion to transfer, Dkt 4, is DENIED.

6. The clerk of court is directed to send a copy of this opinion to the U.S. Court of Appeals for the Seventh Circuit.

Entered July 13, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge